KENNETH DeWAYNE ALLEN, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen
Docket No. 134-91
United States Tax Court
T.C. Memo 1992-623; 1992 Tax Ct. Memo LEXIS 650; 64 T.C.M. (CCH) 1134; October 22, 1992, Filed *650 Decision will be entered for respondent. Kenneth DeWayne Allen, Sr., pro se. For Respondent: Field M. Watts. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income taxes for the years 1986 and 1987 in the respective amounts of $ 2,153 and $ 2,039. The issues are: (1) Whether petitioner is entitled to dependency exemptions for his four children in 1986 and 1987; (2) whether petitioner is entitled to head of household filing status in 1986; and (3) whether petitioner is entitled to child-care credits in 1986 and 1987 pursuant to section 21. Some of the facts have been stipulated and they are so found. Petitioner was a resident of Memphis, Tennessee, at the time the petition herein was filed. Petitioner and his wife, Jo Ann Allen, were divorced on August 12, 1982. Jo Ann Allen was awarded custody of their three children, Antonio, LaRhonda, and *651 LaKenya. The divorce decree did not specify which parent was entitled to the dependency exemptions. In 1986 and 1987 petitioner claimed dependency exemptions for the aforementioned children which respondent disallowed. Petitioner has the burden of proof. Rule 142(a). Section 151(c) allows a dependency exemption for each dependent as defined in setion 152. Section 152(a) defines the term dependent as any of certain individuals over half of whose support was received from the taxpayer. With respect to the three children of petitioner and his divorced wife, the provisions of section 152(e) provide the applicable support test. Section 152(a) provides the general rule that the term "dependent" means, inter alia, a child over half of whose support for the year is received from the taxpayer. Under the special rule of section 152(e)(1), if a child of divorced parents receives over half of his support from his parents and is in the custody of one or both of his parents for over one-half of the year, such child shall be treated (for purposes of section 152(a)) as receiving over half of his support for the year from the parent having custody for a greater portion of the year (the custodial *652 parent). Here, the record establishes that petitioner's former wife, Jo Ann Allen, obtained custody of the minor children with visitation privileges granted to petitioner. The evidence shows to our satisfaction that the three children lived with Jo Ann Allen during the period here involved and that they visited petitioner occasionally. The occasional visits were limited to weekends and summer visits. On this record, we must conclude that Jo Ann Allen was the custodial parent of the three children in 1986 and 1987 within the meaning of section 152(e) and hence is treated as providing over half of the support for the children in those years. None of the statutory exceptions to the general rule of section 152(e) is applicable here. It is stipulated that the custodial parent did not waive her right to claim the dependency exemptions. See sec. 152(e)(2). Petitioner has presented no evidence of a multiple support agreement covering the years involved. See sec. 152(e)(3). Finally, the record establishes that the pre-1985 divorce decree did not specify which parent was entitled to claim the dependency exemptions. See sec. 152(e)(4). We conclude on the basis of this record that *653 petitioner is not entitled to dependency exemptions under section 151 for the three children in 1986 and 1987. Respondent is sustained. With respect to the dependency exemption claimed by petitioner in 1986 and 1987 for Kenneth DeWayne, Jr., whose mother, Tobie Watkins Allen, was not married to petitioner until 1990, the special rule of section 152(e)(1) does not apply. Said section applies only to parents who are divorced or legally separated or who are separated under a written separation agreement, or who live apart throughout the last 6 months of the year. See . Consequently, to qualify for the dependency exemption, petitioner must show that he furnished over half the support of his son Kenneth in 1986 and 1987. Secs. 151(c) and 152(a). Petitioner has the burden of proof. Rule 142(a). To prevail petitioner must show by competent evidence: (1) The total support provided for Kenneth and (2) that he provided more than half of such total support. . Petitioner has not made the requisite showing. It appears that Kenneth's *654 mother, Tobie Watkins Allen, also claimed a dependency exemption for her son in 1986 and 1987 and represented to the Internal Revenue Service in an affidavit that she supplied all of the support for him. Tobie Watkins Allen testified at the trial. Her testimony was extremely vague and not very illuminating. Nor was petitioner's sketchy testimony helpful. It consisted of little more than vague generalities. In short, the record does not establish even remotely the total support provided for Kenneth in 1986 and 1987. Nor is there anything in the record to permit an estimate of the support provided by petitioner and Kenneth's mother during the years at issue. Consequently, there is no way that we can ascertain whether petitioner provided over one-half of Kenneth's support in 1986 and 1987. We must therefore conclude on this unsatisfactory record that petitioner is not entitled to a dependency exemption under section 151 for Kenneth in 1986 and 1987. Respondent is sustained. The next issue is whether petitioner is entitled to head of household filing status in the years 1986 and 1987. Generally, an individual is considered a head of household pursuant to section 2(b), as applicable, *655 if said individual is not married at the close of the taxable year and maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode of, inter alia, a son or a daughter. Here, the record establishes through the testimony of Jo Ann Allen that her three children lived with her throughout the years 1986 and 1987. Moreover, we are unable to find, on the basis of this highly unsatisfactory record, that petitioner's household constituted Kenneth's principal place of abode for more than one-half of 1986 and 1987. The testimony of Tobie Watkins Allen on this issue was negligible and singularly unpersuasive. Petitioner's vague testimony that Kenneth was with him "a lot of the time, and with his mother when I wasn't available to keep him" does not establish, even remotely, that petitioner's household constituted the child's principal place of abode for more than one-half of 1986 and 1987. Petitioner has failed to meet his burden of proof on this issue. We hold therefore that petitioner does not qualify for head of household filing status in 1986 and 1987 pursuant to section 2(b). Respondent is sustained. Respondent disallowed *656 the child-care credits claimed by petitioner in 1986 and 1987. Section 21(a) allows a child-care credit keyed to employment-related expenses for an individual who maintains a household which includes as a member one or more "qualifying individuals". Section 21(b)(1) defines a "qualifying individual" as "a dependent of the taxpayer who is under the age of 15 and with respect to whom the taxpayer is entitled to a deduction under section 151(c)". We have previously concluded that petitioner is not entitled to dependency exemptions under section 151(c) for any of the four minor children here involved. Hence, petitioner does not meet the requirements of the statute. Accordingly, we hold that petitioner is not entitled to child-care credits under section 21(a) in 1986 and 1987. Respondent is sustained. Decision will be entered for respondent.